NEW WRINKLE, INC., Plaintiff,

v.

JOHN L. ARMITAGE & CO., Defendant.

Civ. No. 25-56.

United States District Court
D. New Jersey.

Dec. 15, 1958.

McCarter & English, Griffith H. Jones, Newark, N. J., Toulmin & Toulmin, Hugo Wikstrom and Herbert Brown, Dayton, Ohio, of counsel, for plaintiff.

Richards & Cifelli, Thomas Cifelli, Jr., Newark, N. J., for defendant.

MEANEY, District Judge.

This is an action brought by the plaintiff, asking for a declaratory judgment that the defendant's product "Armorhide" wrinkle finish composition is covered by plaintiff's patents, a decree of accounting and judgment for the amount ascertained thereby, for violation of the obligations of a certain license agreement between plaintiff and defendant allegedly covering defendant's wrinkle finish composition.

The issue can be determined only by settling the question of whether or not the defendant's product Armorhide is covered by one or more claims of the patents owned by the plaintiff.

The patents referred to cover what are known as wrinkle finish compositions, which are a form of irregular coating or finish which for certain industrial purposes has definite advantages over even surface finishes, such as linseed oil paints. Over a period of years the plaintiff has acquired numerous patent rights in this field, and in 1938 the parties in the instant suit entered into an agreement whereby the plaintiff licensed defendant on a royalty basis to make, use and sell the products covered by its patents. By renewal this agreement is still in force and defendant is paying royalties for certain compositions which it markets and which are not here in dispute. Incidentally heretofore summary judgment was granted in favor of the defendant herein against this plaintiff with respect to claims based on *unpatented* compositions under the agreement. The decision of this court holding that under the agreement royalties were not due on wrinkle finish compositions not embodying the patented subject matter was affirmed in New Wrinkle, Inc. v. John L. Armitage & Co., 3 Cir., 238 F.2d 753

The plaintiff relies on three patents and the claims thereof to support its contention that defendant in its Armorhide composition has merely incorporated what is set forth in these claims. The patents are: U. S. Patent No. 2,510,966 —Flanagan, Claims 4 and 7; U. S. Patent No. 2,671,062—Waldie, Claims 1, 4, 6, 7, 9, 10 and 12; U. S. Patent No. 2,671,-063—Waldie, Claims 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18.

U. S. Patent No. 2,510,966—Flanagan is a method patent relating to the production of a wrinkle or textured film. Essentially it comprises a four-step procedure in the claims allegedly infringed by Amorhide (4 and 7). In substance Claim 4 consists of (1) forming a layer or film by application of an organic solution

of thermoplastic resin to a base plate; (2) drying this later to develop a thin skin on the surface of the layer of resin solution; (3) spraying finely dispersed droplets of water onto the skin; and (4) evaporating the solvent from the resin solution whereby a wrinkled textured pattern forms on the surface of the layer. Claim 7 consists of (1) forming a film of a vinyl copolymer of vinyl chloride and vinyl acetate; (2) regulating the viscosity and plasticity of the film; (3) spraying finely dispersed droplets of water, which contain a wetting agent, to the surface of the film; and (4) subjecting the film to heat to cause it to wrinkle. The Flanagan patent, as revealed in Claims 4 and 7, would seem to be limited to the utilization of water in the third-step method.

Armorhide is a vinyl resin industrial product finish that has, as a characteristic, a textured or leather-like surface. "Leather-like" is an apt description because the product not only appears thus, but, as well, feels to the touch like some leather surfaces. Armorhide, for its film-forming composition and method of process, depends basically on U. S. Patent No. 2,715,587—Armitage (assigned to defendant), and U. S. Patent No. 2,-575,046—Chavannes (exclusively licensed to defendant).

The *method* of production of the Armorhide composition is essentially a three-step operation, viz., (1) the spray application of the chemical formulation to deposit a layer of film-forming material; and (2) the spray application of an organic oxygenated solvent to achieve a textured result; (3) heating or "baking" the coated area to accomplish fusion. This heat application is not a necessary step in order to obtain a textured finish from the Armorhide composition, and the organic oxygenated solvent used in Armorhide does not contain a wetting agent, as disclosed in Claim 7 of Flanagan.

The Armorhide process is not a mere "reversal" of the Flanagan patent process. The latter contemplates in its third step an overspray of finely dispersed droplets of water on a skin that has been formed by application of vinyl resin solution dissolved in a solvent in the first step. Plaintiff urges that defendant in its first step has incorporated plaintiff's third-step non-solvent in its vinyl resin dispersion, and that in defendant's alleged overspray or third step it has substituted plaintiff's first-step solvent. In this respect plaintiff's analysis is more in the nature of a conclusion than an explanation, the evidence and examination of the processes failing to support it. The "switching" plaintiff alleges is logically indefinable because it confuses the method step of the Flanagan patent with the solution step of the Armorhide composition. Moreover, defendant's experimentation affords evidence that the Armorhide "reversal" process was ineffectual and produced no desirable result, let alone an equivalent of the Armorhide product.

U. S. Patent No. 2,671,062—Waldie is a product patent that teaches a wrinkle finish composition. Each of its seven claims that are allegedly infringed by Armorhide consists basically of (1) a wrinkling alkyd resin, i. e., a composition of resinous raw materials (glycerine, phthalic anhydride, linseed oil acids, tung oil, maleic anhydride, and rosin) combined in varying (or omitted) percentages; and (2) a terpolymer of vinyl chloride, vinyl acetate and vinyl alcohol. In addition a solvent is commonly part of the several formulae.

U. S. Patent No. 2,671,063—Waldie is a product and method patent that teaches a wrinkle finish composition. Its several claims that are allegedly infringed by the accused product Armorhide have in common a variable constituency of (1) a selected vinyl resin and (2) a wrinkling alkyd resin comprising the same ingredients found in the Waldie '062 patent's wrinkling alkyd resin. The vinyl resin can consist of polyvinyl chloride or of a copolymer of vinyl chloride and vinyl acetate, or of a selection of these in combination. In addition, the claims specify a weight ratio between the alkyd resin and vinyl resin ingredients.

The composition of Armorhide, generally designed for spray application, var-

ies according to the use for which it is sold; therefore, no specific formula pertains to the entire production. There is, however, an all-inclusive formula that embraces all variations used by defendant in Armorhide. This formula is divided into two portions, as follows (parts indicated by weight):

Portion A:

| 0.3 to 12 | — pigment |
|---|---|
| 1 to 6 | — oil-free, linear polyester |
| 0 to 7 | — plasticizer |
| 0 to 0.06 | — wetting agent |

Portion B:

| 1 to 1.5 | — chlorinated diphenyl |
|---|---|
| 5 to 25 | — plasticizer |
| 1.5 to 3.5 | — stabilizer |
| 1 to 1.5 | — solid, oil-free, phenolic resin-free thermoplastic resin |
| 25 to 45 | — polyvinyl chloride resin, dispersion type |
| 1 to 20 | — methacrylate resin, toluene solution |
| 0 to 5 | — pigment |
| 0.4 to 1 | — silicone oil in toluene |
| 20 to 40 | — aromatic diluent solvents, e. g., toluene and/or xylene |

———◆———

Portions A and B are mixed together and reduced to desired viscosity by use of a solvent.

After application of Armorhide's base composition, there is sprayed over it, in droplet form, an organic oxygenated resin solvent (cyclohexanone) which causes the formation of a textured finish to the vinyl resin film. Armorhide's raw materials, oil-free linear polyester and solid, oil-free phenolic resin-free, thermoplastic resin, are not for purposes of Armorhide process, generic groups out of which an oil modified alkyd resin, nor any alkyd resin is obtained. Neither the Armorhide formulation nor method of application makes use of a wrinkling alkyd resin. Armorhide's composition, unlike Waldie '062, is not comprised of a terpolymer of vinyl chloride, vinyl acetate and vinyl alcohol.

Any use of a terpolymer in an Armorhide primer coat (a preliminary application not part of the Armorhide composition or method) is of no effect on the texturing qualities of Armorhide.

There is no proof, either by testimony or by demonstration, that convincingly shows that defendant's Armorhide product achieves the same result as that of typical wrinkle finishes producible by application of the patents owned by plaintiff. On the contrary, in this limited field of commercial finishes there are indications that defendant developed in Armorhide a novel result. Plaintiff has never conducted laboratory experimentation pointed specifically to Armorhide composition as disclosed by its related patents, commercial specifications, or by defendant in this suit.

From the foregoing the court concludes that

██ 1. The method claims of the Flanagan patent are not infringed by the manufacture, use or sale of the product designated Armorhide.

2. The functional ingredients disclosed in the Flanagan patent are not identical nor substantially incorporated in the Armorhide process so as to constitute infringement by the latter.

██ 3. There is no substantial identity, and hence no infringement, between the claims of Waldie patents No. 2,671,-

062 and No. 2,671,063 and the Armorhide composition and method.

4. The weight of evidence establishes that there exists a significant technical difference between the accused Armorhide and the claims of the three patents allegedly infringed. The Waldie patents cannot justifiably be so broadly interpreted as to bring within their limited scope the process and method teachings of defendant's product.

5. The defendant's pretrial disclosures are sufficiently consistent with the proof offered at trial; nothing in the answers to interrogatories as compared with the evidence, justifies an estoppel against defendant for changed position with respect to Armorhide's composition.

6. Plaintiff is not entitled to collect royalties from defendant by virtue of the latter's manufacture, use or sale of Armorhide.

Since this opinion contains a substantial recital of facts and conclusions of law, let it stand as such.

Let an order in conformity herewith be submitted.